## VILLERE COAL CO., Inc., v. WOODVILLE.

### No. 16328.

Court of Appeal of Louisiana. Orleans.
Oct. 19, 1936.

John J. Conners and M. I. Fisher, both of New Orleans, for appellant.

J. H. Wiener, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit wherein the plaintiff, Villere Coal Company, Inc., seeks to recover the sum of $133 for coal alleged to have been sold to John A. Woodville on an open account. The defendant denies having bought any coal from the plaintiff corporation.

There was judgment below in favor of defendant dismissing plaintiff's suit, and plaintiff has appealed.

It appears that the defendant Woodville, who is an attorney at law, represented Dennis G. Villere in his professional capacity for a number of years. Villere was a dealer in coal and a contractor. Accord-

ing to Woodville's testimony, Villere became indebted to him in a sum in excess of $500 for legal fees which he was unable to pay, and proposed that he should gradually liquidate his indebtedness by giving Woodville from time to time certain quantities of coal for domestic use. Woodville, whose home was heated by fuel oil, demurred, but finally agreed that Villere might send a quantity of coal, from time to time, to his daughter, which was done. Coal was also sent to the home of Mr. Woodville's secretary and to a friend of his by the name of Lewis and charged against Mr. Woodville's account. This practice continued for a number of years and was finally discontinued in the early part of 1933, at which time Mr. Villere informed Mr. Woodville that he had organized a corporation and would no longer be in a position to deliver any coal in further liquidation of his obligation. No statement was ever sent to Woodville by the plaintiff corporation nor was any effort made, during the time the coal was being delivered, to collect its value, and not until after the death of Dennis Villere in May, 1933, was any demand made upon Woodville for payment.

Plaintiff's bookkeeper, Edmund Swan, asserted that the coal for the value of which this suit was instituted was charged to Mr. Woodville on the books of the corporation, the earliest item covered by this suit being dated December 4, 1931, the last January 9, 1933; that more coal was charged to Mr. Woodville than was represented by this suit, the other items being prescribed; that he called on Mr. Woodville at his office many times seeking to make a collection, speaking to Mr. Woodville and to his secretary, Mrs. Whitlow, but was unable to effect collection, though no denial of liability was made by Woodville or for him by Mrs. Whitlow.

An effort was also made to prove that the legal services which Woodville claimed to have rendered to Dennis Villere had not, in fact, been rendered.

Mrs. Whitlow testified that she had been in Mr. Woodville's employ for 18 years and had seen Dennis Villere in the office any number of times in consultation with Mr. Woodville. She denied ever having seen plaintiff's bookkeeper, Swan, and averred that no statement or demand for payment had ever been sent to the office or, at least, that she had not seen any, although it was her practice to open her employer's mail.

Plaintiff contends that, in the first place, Villere did not owe Woodville any considerable amount for professional services and did not agree to pay him with coal, and, in the second place, if he did do so, the coal for which this suit was brought was the property of the plaintiff corporation and not the individual property of Villere, and that Villere had no right to use it for the settlement of his private obligation. The corporation, it was claimed, was organized in 1931 and not in 1933.

We are satisfied from the evidence that Villere had long been a client of Mr. Woodville and was indebted to him for legal services and that he had made an agreement with Mr. Woodville to liquidate his account by the delivery of coal. This agreement, we are convinced, antedated the organization of the Villere Coal Company, Inc., whatever the date of its organization. Mr. Villere became general manager of the corporation, and, so far as deliveries made by him after the corporation was created, in the absence of any notice to the contrary, Mr. Woodville was justified in assuming that such coal as he, his daughter, or his friend received thereafter was delivered pursuant to the original understanding and doubtless charged to Mr. Villere by the corporation. The record does not establish that the corporation ever claimed any sum prior to the death of Dennis Villere on account of the coal delivered by it to Woodville, his daughter, or his friends, and, if it was the property of the corporation which Mr. Villere used to discharge his obligation, Woodville cannot be held responsible. It is significant that, although the first charge for coal was made in 1931, suit was not brought until October 5, 1935, more than two years after the death of Dennis Villere. Defendant has filed a plea of prescription which, it is claimed, applies to most of the items charged, but the view we take of the account renders its consideration unnecessary. In any event, the plaintiff has failed to establish any contractual relation, express or implied, with the defendant, whose explanation of the transaction convinced the trial court as reflected by its judgment. We find no manifest error in the conclusions of the trial judge, consequently, and for the reasons assigned the judgment appealed from is affirmed.

Affirmed.